JOAN BARNES, Respondent, *v.* HOWARD G. BARNES, Appellant.

First Department, March 12, 1957.

*Lawrence M. Kesselman* of counsel (*Samuel J. Siegel,* attorney), for appellant.

*Benjamin Shedler* of counsel (*Gelfand & Shedler,* attorneys), for respondent.

*Per Curiam.* The order appealed from directs the payment of $190 a week as temporary alimony and contains a provision that the award of temporary alimony may be subject to a retroactive increase by the trial court on the basis of the evidence adduced at the trial.

As we have had occasion to point out in a recent decision (*Hearst* v. *Hearst,* 3 A D 2d 706), the fixation of temporary alimony is not determinative of the fact or quantum of permanent alimony as it may be resolved after a trial. But except in very unusual circumstances which might conceivably justify postponing until the trial the determination or modification of temporary alimony, the award of temporary alimony should definitively be made on the application for temporary alimony and should not be subject to change by direction after trial.

It may be that the awards on pretrial and post-trial consideration should come to the same amount, but this is not necessarily so, and the considerations as well as the information may be different at the two times. Temporary alimony is awarded for a temporary period to provide a wife with support pending the trial and determination of the issues of marital rights and appropriate support. The preliminary determination is made

upon the basis of motion papers which may leave unresolved contested and confused claims as to the financial needs and resources of the parties. The final determination of permanent alimony is made on a long-range basis and after a full development of all facts as to the financial needs and resources of the parties.

Consequently, the award of temporary alimony is not to control the award of permanent alimony, and, similarly, the award of permanent alimony is not to apply backward and constitute a redetermination of the proper amount of temporary alimony.

There was no occasion in the instant case for reserving in the order fixing temporary alimony a jurisdiction to increase the temporary alimony after trial. The order appealed from should be modified to delete that provision, without costs.

PECK, P. J., BREITEL, BOTEIN, RABIN and FRANK, JJ., concur.

Order unanimously modified by deleting the last decretal paragraph thereof and, as so modified, affirmed, without costs.